IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-00291-01-CR-W-SRB |
| | ) | |
| KEVIN A. HARKINS, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on defendant Kevin A. Harkins's Motion to Dismiss Count I, Malicious Destruction of Property (Doc. #22). For the reasons set forth below, it is recommended that this motion be denied.

I. INTRODUCTION

A. The Complaint

On September 12, 2025, a two-count Criminal Complaint (Doc. #1) was filed charging defendant Kevin A. Harkins with Malicious Destruction of Property (Count One) and Unlawful Possession of an Unregistered Firearm – Destructive Device (Count Two). An Affidavit containing facts and photographs in support of the Criminal Complaint is divided into the following sections:

- Arson at the KC Tesla Center (pp. 2-8);
- Witness Observations and Identification of the Suspect Vehicle and Harkins (pp. 8-19);
- Surveillance in Kansas City and Barnhardt, Missouri (pp. 19-21); and
- Search of the Barnhardt Residence and Harkins's Statements (pp. 21-25).

(Doc. #1-1.)

B. The Indictment

On October 7, 2025, the Grand Jury returned a two-count Indictment (Doc. #7) charging defendant Harkins with Malicious Destruction of Property (Count One) and Unlawful Possession of an Unregistered Firearm – Destructive Device (Count Two). Count One on the Indictment provides:

**COUNT ONE**
**(*Malicious Destruction of Property*)**

> On or about February 13, 2025, in the Western District of Missouri, the defendant, **KEVIN A. HARKINS**, maliciously damaged and destroyed and attempted to damage and destroy, by means of fire and explosive materials, a vehicle used in interstate or foreign commerce and in an activity used in interstate or foreign commerce, to wit: a Tesla Cybertruck bearing VIN: 7G2CEHED8RA053174, all in violation of Title 18, United States Code, Section 844(i).

(Doc. #7 at 1.)

C. The Statute

The statute that defendant Harkins has been charged with violating in Count One, 18 U.S.C. § 844(i), provides, in part:

> **§ 844. Penalties**
>
> (i) Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any . . . vehicle . . . used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both . . . .

18 U.S.C. § 844(i).

The elements of the crime of Arson of Property Used in or Affecting Interstate Commerce (18 U.S.C. § 844(i)) are set out in the Eighth Circuit Model Criminal Jury

Instructions as follows:

> *One*, on or about (date), the defendant maliciously [damaged] [destroyed] [attempted to (damage) (destroy)] (specify the particular . . . vehicle . . . alleged in the Indictment);
>
> *Two*, by [fire] [using an explosive];
>
> *Three*, at the time of the [fire] [explosion], (specify the . . . vehicle . . . alleged in the Indictment) [was used in (interstate) (foreign) commerce][fn] [was used in an activity affecting interstate commerce].
>
> "Interstate or foreign commerce" means business or trade taking place between people or entities located in two or more states, or between people and entities in the United States and another country(ies). The [government] [prosecution] must prove that the property was actually used for a function involving or affecting interstate or foreign commerce. Property "used in an activity affecting interstate commerce" means active use of the property for a real commercial purpose, not just a passive, passing, or past connection to this sort of trade. . . .
>
> ______________________
>
> [fn]In *United States v. Rea*, 169 F.3d 1111, 1113 (8th Cir. 1999), *vacated on other grounds*, 530 U.S. 1201 (2000), the Eighth Circuit unequivocally confirmed that the interstate commerce requirement of the statute is an element of the offense which must be found by the jury, rather than a prerequisite to subject matter jurisdiction.

Model Crim. Jury Instr. 8th Cir. 6.18.844 (footnote defining "explosive" omitted).

D. Standards for Evaluating a Motion to Dismiss

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." This Constitutional requirement is implemented by Rule 7(c)(1) of the Federal Rules of Criminal Procedure which specifies that "[t]he indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."

An indictment is sufficient if it: (1) contains the essential elements of the offenses charged; (2) fairly informs the defendant of the charges against which he must defend; and (3)

enables the defendant to plead an acquittal or conviction in bar of future prosecution for the same offenses. *See Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Palmer*, 917 F.3d 1035, 1039 (8th Cir. 2019); *United States v. Tebeau*, 713 F.3d 955, 962 (8th Cir.), *cert. denied*, 571 U.S. 888 (2013). "An indictment is normally sufficient if its language tracks the statutory language." *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008) (citing *Hamling*, 418 U.S. at 117).

## II. DISCUSSION

Defendant Harkins seeks to dismiss Count One of the Indictment because "the Indictment contains no factual allegations establishing that this privately owned vehicle was being used in any ongoing commercial activity or that its destruction had any actual effect on interstate commerce." (Doc. #22 at 1.) Defendant Harkins argues that the Eighth Circuit's decision in *United States v. Arif*, 154 F.4th 592 (8th Cr. 2025),[1] requires a finding that the Indictment's conclusory language "used in interstate or foreign commerce" is legally insufficient. (Doc. #22 at 1.) The Court disagrees with this interpretation of the *Arif* case in that the Court did not find the indictment in *Arif* legally insufficient; instead the Court found that the government's evidence at trial failed to establish an element of the offense, that is that the defendant's actions affected interstate commerce. *Arif*, 154 F.4th at 598.

Count One of the Indictment before this Court alleges that on or about February 13, 2025, defendant Harkins maliciously damaged and destroyed and attempted to damage and destroy, by means of fire and explosive materials, a vehicle [a Tesla Cybertruck] used in interstate or foreign commerce and used in an activity in interstate or foreign commerce. Count One tracks the statutory language of 18 U.S.C. § 844(i) and includes each of the elements listed in section

[1]The *Arif* case dealt with an alleged violation of 18 U.S.C. § 1591(a)(1), commercial sex trafficking "in or affecting interstate or foreign commerce." 154 F.4th at 596.

6.18.844 of the Model Criminal Jury Instructions. Thus, the Court finds Count One sufficient in that it contains the essential elements of the offense charged, fairly informs defendant Harkins of the charge against which he must defend, and enables defendant Harkins to plead an acquittal or conviction in bar of future prosecution for the same offense.

Whether the government will introduce sufficient evidence to prove these allegations cannot be resolved prior to the government's presentation of its case to the jury. There is no basis for dismissal of Count One.

## III. CONCLUSION

Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant Harkins's Motion to Dismiss Count I, Malicious Destruction of Property (Doc. #22).

The parties are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

*/s/ Lajuana M. Counts*
Lajuana M. Counts
United States Magistrate Judge